## JAMES ELDER *vs.* JOSHUA BEMIS.

Where a surveyor of highways, without the written approbation of the selectmen, causes a watercourse to be so conveyed by the side of the road as to incommode a person's building, or obstruct him in the prosecution of his business, such person cannot maintain an action against the surveyor for the injury, but is confined to the remedy by appeal to the selectmen, which is allowed by the Rev. Sts. *c.* 25, § 5.

A person who is employed in working out another's highway tax, under the superintendence of a surveyor of highways, is the servant of the surveyor.

If a surveyor of highways orders his servant to fell trees that are within the limits of the road, and to place them elsewhere than on the land of the adjoining owner, but is in view of such land when the servant fells the trees and places them thereon, and knows that they are so placed, and assents thereto, and gives no directions to have them removed, he is liable to the owner of the land in an action of trespass.

Where, in an action of trespass *quare clausum fregit*, there are several counts in the declaration, but all the evidence which is admissible in support of either count might be received on that upon which the plaintiff obtains a verdict, the defendant, although he obtains a verdict on the other counts, is not entitled to costs ; the counts not being for separate and distinct causes of action, within the meaning of the Rev. Sts. *c.* 121, § 16.

TRESPASS *quare clausum fregit.* The writ was dated December 18th 1839. The first count in the plaintiff's declaration alleged that the defendant, on the first of January 1838, and *on divers other days*, &c. broke and entered the plaintiff's close in Chester, trod down and destroyed the grass and herbage there growing, dug up and removed the soil, cut down, carried away and destroyed twenty trees there standing, and tore down and carried away the plaintiff's fence. The third count alleged a trespass, like that set forth in the first, committed on the 21st of June 1839. The second count alleged a like breach and entry of the same close by the defendant, on the 21st of June 1839, and the making of ditches by the side of the highway running through said close, by which the plaintiff was hindered and prevented from passing from said highway to his adjoining land. In the second and third counts, the words "and on divers other days," &c. were omitted.

At the trial before *Dewey,* J. the defendant undertook to justify his entry, &c. as a surveyor of highways in the town of Chester, in the discharge of his duty in repairing a county road, under an order of the county commissioners of Hampden for

the making of specific repairs thereof; and pursuant to the authority granted to surveyors by the Rev. Sts. *c.* 25.

The plaintiff denied that the land, entered upon, &c. by the defendant, was within the limits of said county road; and much evidence was introduced, on both sides, as to the precise boundaries of the road, under the record of the court of common pleas, by whose authority it was located in the year 1811. This question was submitted to the jury.

The plaintiff insisted that if the *locus in quo* was within the limits of said road, he was nevertheless entitled to recover damages to some extent; because the defendant — without the approbation of the selectmen of Chester first being had in writing — had, within the limits of said highway, caused a watercourse, occasioned by the wash of the highway, to be so conveyed by the side thereof, as to incommode the plaintiff in the use of his barn adjacent thereto, and thus had obstructed him in the prosecution of his business.

The plaintiff introduced sundry conveyances, to show that he was owner of the land, on which the watercourse was made, subject to the right of the public to pass over the same on said highway; and the defendant thereupon conceded that the plaintiff was such owner. But the defendant denied that he had made a watercourse which was injurious to the plaintiff, and also insisted that if he had so done, yet that the plaintiff could not maintain this action.

The judge ruled, for the purposes of the trial, that this action might be maintained, if the jury should find that the watercourse was injurious to the plaintiff.

The plaintiff also claimed damages for another watercourse made by the defendant, at a place called " The Bars," whereby he was obstructed in the prosecution of his business. The same objection was taken to this claim, as to the preceding, and the same disposition was made of it by the judge. A question was also made by the defendant, whether the plaintiff owned the land where " The Bars " stood. As this depended on the legal construction of certain deeds, the judge ruled, (subject to the opinion of the whole court,) that said land

was conveyed to the plaintiff by those deeds.    [When the case
was argued, this last point was waived.]

Another ground on which the plaintiff claimed damages was,
that the defendant, by his agents and servants, had caused cer-
tain trees, that stood within the limits of said highway, to be cut
down, and had caused them to fall upon the plaintiff's land adja-
cent, and to remain there several days, to the injury of his
grass, &c.   The evidence was, that the trees, which were felled
on the plaintiff's land, were cut by John Ladd, who was em-
ployed by the plaintiff to work on the highway, in payment of
the plaintiff's highway tax ; but that Ladd, while so working,
was under the superintendence and direction of the defendant,
as surveyor of highways.

The defendant contended that the trees were felled on the
plaintiff's land without his (the defendant's) knowledge, and
against his directions, and that he was not answerable for the
acts of Ladd.   The judge instructed the jury, " that if the trees
were cut by the defendant's orders, by men in his service,
although he might have directed his servants to place the trees,
when cut, elsewhere than on the plaintiff's land ; yet if the
defendant was in view of the premises when the trees were
felled, and knew where they were placed, and assented to it,
and gave no directions to have them removed, the defend-
ant might be considered a trespasser in relation to the placing
of such trees, if the place where the trees were caused to fall
was out of the limits of the highway, and upon the plaintiff's
land, and the trees were unnecessarily felled and left there,
when they might conveniently have been felled and placed in the
highway."

After these instructions were given, the defendant's counsel
requested that the jury should be instructed as follows :  If a
man in the defendant's employ was directed to fell the trees by
the road-side, and he, for his own purposes, afterwards felled
them into the plaintiff's mowing, unless the defendant knew it,
at the time, and consented to it, or unless he subsequently rati
fied the act, the defendant is not to be responsible.

The judge, deeming any further instruction unnecessary, re

fused this request ; and the jury found a verdict for the plaintiff on all the foregoing points, and assessed separate damages for the injury caused by each of the watercourses, and for the injury done by causing the trees to fall, &c. upon the plaintiff's land.

This verdict to be set aside, and a new trial to be granted, if the above instructions were erroneous, or if any further instructions ought to have been given. And if the said instructions were correct, yet if trespass will not lie for the injury, caused to the plaintiff by the making of the watercourses aforesaid, the damages assessed for those injuries are to be deducted from the verdict.

*R. A. Chapman,* for the defendant. The plaintiff's claim for damages, on account of the watercourses, rests upon Rev. Sts. *c.* 25, § 5. But as the defendant was making specific repairs, under the order of the county commissioners, pursuant to Rev. Sts. *c.* 24, the selectmen had no authority as to watercourses. If, however, this be not so, yet the remedy of the plaintiff for any supposed injury is by appeal to the selectmen, as provided by the revised statutes, first cited ; and he is confined to that remedy. If any action could be maintained, it would be trespass upon the case, as the injury to the plaintiff was consequential and not direct.

The instructions to the jury, as to the defendant's liability for the acts of Ladd, are not warranted by the law of the case. Ladd was the plaintiff's servant, and the defendant was a mere superintendent of the work done on the road. Rev. Sts. *c.* 25, § 11. But if the defendant was master, and Ladd his servant, yet the instructions of the judge extended the defendant's liability too far. The assent to a trespass, after it is committed, does not make the person, so assenting, a trespasser, unless the trespass was for his benefit. 4 Inst. 317. Bac. Ab. Trespass, G. 1. *Pierce* v. *Josselyn*, 17 Pick. 415. *Wilson* v. *Barker*, 4 Barn. & Adolph. 614.

Trespass lies against a master, for the act of his servant, only when he commanded the act. *Morley* v. *Gaisford*, 2 H. B. 442. *M'Manus* v. *Crickett*, 1 East, 106. *Barnes* v. *Hurd*, 11 Mass. 57. *Campbell* v. *Phelps*, 17 Mass. 244.

*I. C. Bates & W. G. Bates*, for the plaintiff. The defend

ant derived no authority from the county commissioners to construct a watercourse, and can justify only under the selectmen, whom he omitted to consult.

The summary relief, by appeal to the selectmen, is a merely cumulative remedy, which a party may resort to, or not, at his option.

If the plaintiff had no authority to do the acts complained of, he was a trespasser ; and if he has exceeded his authority, he is a trespasser *ab initio.* *Nelson* v. *Merriam*, 4 Pick. 249. *Adams* v. *Emerson*, 6 Pick. 57. 3 Stark. Ev. 1448. Bac. Ab. Trespass, B. *Earle* v. *Hall*, (*ante*, 353.)

Ladd was the defendant's servant ; and as the defendant saw his proceedings, and did not attempt to prevent them, nor to correct them afterwards, he was himself a trespasser. *Goodman* v. *Kennell*, 1 Moore & Payne, 241. Whether, therefore, a trespass which is assented to, after it is fully committed, must be for the benefit of the person so assenting, in order to make him a trespasser, is a question that does not arise in this case.

WILDE, J. This is an action of trespass *quare clausum*, in which the defendant undertakes to justify the alleged trespasses as surveyor of highways in the town of Chester. At the trial, the plaintiff contended that the trespasses were committed *extra viam* ; but on this point the jury returned a verdict in favor of the defendant. The defendant also, on his part, objected that the plaintiff was not the owner of the land over which the road was laid out, at the place where the alleged trespass was committed ; but this objection has been since waived. The case was submitted to the jury on the evidence reported, who returned a verdict in favor of the plaintiff, and assessed damages in several sums for three distinct trespasses. As to two of these trespasses, we are of opinion that this action cannot be maintained. The charge against the defendant was, that he had, within the limits of the highway, and without the approbation of the selectmen.of the town of Chester first being had in writing, caused two watercourses, occasioned by the wash of the highway, to be so conveyed by the side of the highway as to incommode the plaintiff in the use of his barn, and thereby

obstructing him also in the prosecution of his business. This, by the Rev. Sts. *c.* 25, § 5, is expressly prohibited ; but the plaintiff's only remedy is that given by the statute. By § 5, he may complain to the selectmen, who are authorized to alter the said watercourses ; and by § 6, he is entitled to have compensation for any damages he has sustained in his property, to be determined by the selectmen ; and if he should be aggrieved by such determination of the selectmen, he might have his damages ascertained by a jury. But for this statute, the defendant would have had a right, by virtue of his office of surveyor, to make any repairs and alterations in the highway, which the public convenience required, without the approbation of the selectmen ; and if the plaintiff were incommoded, or obstructed in his business thereby, the defendant would not be responsible for damages. And for the violation of the prohibition in the statute, the plaintiff is only entitled to the statute remedy. *Callender* v. *Marsh*, 1 Pick. 418. When a statute, that creates a new offence, gives a penalty and directs how it shall be recovered, the offence cannot be punished in any other way than that directed by the statute. Bac. Ab. Statute, K. *Wiley* v. *Yale*, 1 Met. 554. The same principle applies to an action for the recovery of damages, where a party has been injured by an act prohibited by statute, but which, before the statute, would have been lawful. 1 Chit. Pl. (6th Amer. ed.) 127, 128, 164.

As to the remaining trespass, the question is, whether the instructions to the jury were correct. It appears by the evidence, that one John Ladd, being in the defendant's service, cut and felled on the plaintiff's land, *extra viam*, certain trees standing within the limits of the highway ; and that the defendant suffered them to remain there for several days, to the injury of the plaintiff's grass. On this evidence, the jury were thus instructed : [The instructions were here stated at large, as before at page 601.]

It is objected that Ladd, being employed by the plaintiff to work on the road, under the direction of the defendant, was the servant of the plaintiff, and that the defendant is not responsible for his acts. But we think it very clear, that while Ladd was

at work on the highway, under the control of the defendant, he must be considered as the servant of the defendant ; and that it is immaterial whether he was employed by the plaintiff to work out his highway tax, or by any other person.

Another exception to the charge of the presiding judge is, that the defendant's assent to the trespass does not make him lia ble, as the same was not committed for his benefit. In support of this objection, the defendant's counsel relies on the doctrine as laid down in Bac. Ab. Trespass, G. 1, where it is said that "if J. S. agree to a trespass which has been committed by J. N. for his benefit, this action lies against J. S. although it was not done in obedience to his command, or at his request." So in Com. Dig. Trespass, C. 1, it is said, that "trespass lies against him who afterwards assents to a trespass done for his use or benefit, though not privy at the time of doing it." But "if he assents to the act of his servant in seizing goods, he will be a trespasser for misusing of the goods, in seizure, though not privy to the misusage." And so it was ruled in *Gibson's case,* Lane, 90. In that case, it appeared that two or three strangers, affirming themselves to be servants of Gibson, seized the plaintiff's goods ; and it was decided, "if they, as servants to Gibson, without his precedent appointment, did seize the plaintiff's goods, and the said Gibson approved them to be seized, although his servants, without his consent, abuse the goods, yet Gibson shall be trespasser *ab initio.*" We find nothing in the instructions to the jury inconsistent with these principles ; on the contrary, they are, we think, fully supported by *Gibson's case.*

There is a distinction between the assent of a master to a trespass committed by his servant, and to that committed by a stranger. And there is also a distinction between the case of a party, who is present assenting to a trespass while another is committing it, and the case where the assent is given subse quently. Keeping these distinctions in view, we are of opinion that the charge to the jury was perfectly correct. The trespass complained of was a continuing trespass, until the trees were re-moved. And it was the duty of the defendant to cause them to be removed immediately. As he neglected to do this, he mus:

be considered as authorizing the continuance of the trees on the plaintiff's land, and so was a trespasser *ab initio.*

We are of opinion, therefore, that the defendant is clearly liable in this action. It has been objected that case, and not trespass, lies against the master for an act done by his servant And this is generally true. But not so where the act is done by the command of the master, or when he is present consenting to the act, or even afterwards ratifying it, by approving and assenting to the same.

In the case of *Chandler* v. *Broughton*, 1 Crompt. & Mees. 29, it was proved that the defendant was sitting by his servant, who was driving him in a gig, and the horse ran away, and an immediate injury was done to the plaintiff's property ; and it was held that the action was well brought in trespass, because the act of the servant is the act of the master ; and " the reason is," as Bayley, B. remarks, " that the master has the immediate control over the servant." We think this case was determined on a sound principle of law, and it is decisive in the case at bar, both as to the liability of the defendant and the form of the action.

The verdict is to be altered conformably to the opinion of the court, and judgment thereon is to be entered for the plaintiff

After the foregoing opinion was pronounced, the defendant moved for costs upon the second and third counts in his declaration, because the verdict, as amended by the court, was in his favor on those counts. Upon this motion, the opinion of the court was given by

DEWEY, J. The provisions of the Rev. Sts. *c.* 121, § 16, which give costs to the defendant as well as to the plaintiff in cases where a verdict is rendered, upon one or more of the counts, for the plaintiff, and for the defendant upon one or more counts, restrict the right of the defendant to cases " where there are two or more counts on several and distinct causes of action." It is not, therefore, sufficient to entitle the defendant to recover his costs, that there were several different counts in the declaration, and that he has prevailed in one or

Elder *v.* Bemis.

more of them.   If this would entitle him to his costs, then in all cases, where the demand arose upon a single contract, and the plaintiff had, as he well may do, set it forth in various counts, to meet any technical objections, or any questions as to the true construction of the contract — as the plaintiff had really but one cause of action, the defendant might insist upon a ver-· dict in his favor upon all the counts but one, and thus would establish a claim to costs against the plaintiff.   Such, however. was not the purpose of the statute.   It applies solely to cases where there are different counts upon distinct causes of action.   The court must therefore look into the declaration and the evidence offered in support of the various counts, and see clearly that the counts were designed to embrace different causes of action, before they grant the present motion.

The first count in this declaration is trespass *quare clausum fregit,* and upon the same close that is described in the other counts ; and it alleges the trespasses to have been committed on the first of January 1838, and on divers days and times between that day and the day of the date of the writ, and thus not only includes, but also extends beyond, the time when the trespasses, set forth in the second and third counts, are alleged to have been committed.   It is true that in the second count the particular act complained of as constituting the trespass, is more particularly set forth ; but it is equally true, that all the evidence offered, or that could legally have been offered, in support of all the counts, would have been properly admissible under the first count.   This being so, the causes of action are not distinct, and the defendant is not entitled to recover costs.

In the case of *Sayles* v. *Briggs,* 1 Met. 291, this rule was applied, and a construction given to the statute, which seems to settle the question raised in the present case.

*Motion overruled*